IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE JUSTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:15-cv-00167 |
| v. | ) |
| | ) U.S. District Judge Mark R. Hornak |
| U.S. ATTORNEY GENERAL OFFICE, | ) |
| et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Andre Juste seeks leave to proceed in forma pauperis ("IFP"), and to prosecute a civil action against the "United States Attorney General Office," the U.S. Immigration Litigation Civil Division, the U.S. Department of Justice, the U.S. Department of Homeland Security and "U.S. Citizenship & Immigration Services. ECF No. 1-1. He has filed an IFP affidavit that reveals that it is both essentially incomprehensible in most regards,[1] and that he has no assets. ECF No. 1. Nonetheless, based on the substance of that Affidavit, the Court will grant IFP status.

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court is obligated to examine the proferred Complaint, and determine whether it states a claim for relief that may be prosecuted in this Court. The Court is required to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a cognizable claim, or which seeks monetary relief against a defendant who is immune from suit for such relief. Where as here the Plaintiff proceeds *pro se*, the proferred papers are to be construed liberally, but if they fail to state a plausible claim, dismissal is

---

[1] The Plaintiff has filed a number of actions in a similar fashion in this Court and in others. *See Juste v. Lindsay*, 2015 WL 875363 (W.D. Pa. March 2, 2015); *Juste v. Resident Agency*, 2015 WL 507493 (W.D. Pa. Feb. 6, 2015); *MotJuste Tirade of Vim Andre Juste v. Brennan*, 16 F. Supp. 3d 716 (N.D. W.Va. 2014). None of those cases has made it past the IFP screening process, for reasons explained in the decisions in those cases.

nonetheless the proper course. Leave to amend, once, is ordinarily be granted, unless such amendment would be futile. *See Detar v. U.S. Government*, No. 13-1499, 2014 WL 517715 (W.D. Pa. Feb. 7, 2014).

As best the Court can tell, the Plaintiff wants this Court to declare him a United States citizen, and/or to restore or grant him a "green card," presumably meaning a permanent resident status identification card. He relies on a number of Constitutional provisions, including the 4th, 5th and 13th Amendments, but also the 14th Amendment, which of course has no application to claims against the federal government. He accompanies his Complaint with his own prolix affidavit, and a request for a hearing in this Court.

The crux of his Complaint is that sometime in September, 2011, he applied to adjust his immigration status, a decision was not made in 120 days thereafter, and that as a consequence, he can sue the various departments of the United States Government he has named in this Court, in order to have the Court provide him with citizenship and/or permanent resident status. He cites to Sections 1391(c)(1) and 1332 of Title 28 of the United States Code, neither of which has anything at all to do with such immigration matters, since they deal with venue in the federal courts, and with subject matter jurisdiction founded on diversity of citizenship.

The Plaintiff then also cites to 8 U.S.C. §§ 335, 336(b), 1446(b) and 1447(b)[2] as the basis for the relief that he seeks. Sections 1446 and 1447 relate to the process for investigating the naturalization of a prospective citizen, and the process for seeking a hearing in this Court if a

---

[2] 8 U.S.C. § 1447(b) provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120–day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.

2

naturalization determination is not made within 120 days of the naturalization investigation.[3] *See Duran-Pichardo v. Attorney Gen. of U.S.*, 695 F.3d 282, 286 (3d Cir. 2012) ("If an applicant for naturalization is not notified of a decision within 120 days of his/her examination under oath, s/he can apply to the appropriate United States District Court for a hearing on the naturalization application pursuant to 8 U.S.C. § 1447(b).").

The statute only affords relief, however, in situations where a plaintiff has been "examined" in connection with his citizenship application but not received a determination within the 120-day period provided by the statute. As our Court of Appeals has explained:

> By its plain language, the statute provides jurisdiction for the District Court to consider citizenship matters "[i]f there is a failure to make a determination under section 1446 of this title before the end of the 120–day period after the date on which the examination is conducted." 8 U.S.C. § 1447(b). In other words, § 1447(b) contains no basis for action if the applicant has not yet been "examined" in connection with his citizenship application. And the statute's language "suggests that the examination is a distinct, single event[:] the date on which the interview occurs." *Walji v. Gonzales,* 500 F.3d 432, 436 (5th Cir.2007); *see also Duran–Pichardo v. Att'y Gen.,* 695 F.3d 282, 286 (3d Cir. 2012); *Etape v. Chertoff,* 497 F.3d 379, 386 (4th Cir. 2007) ("The 120–day period under § 1447(b) does not even begin to run until after the initial naturalization examination...."); *United States v. Hovsepian,* 359 F.3d 1144, 1151 (9th Cir.2004) (en banc). Without the presence of an eligibility examination, the District Court lacks jurisdiction under the statute. *See Ajlani v. Chertoff,* 545 F.3d 229, 237 (2d Cir.2008), *distinguished on other grounds by Gonzalez v. Sec'y of Dep't of Homeland Sec.,* 678 F.3d 254, 259 n. 7 (3d Cir.2012).

*Reynolds v. Dep't of Homeland Sec. Citizenship & Immigration Servs.*, 523 F. App'x 178, 178–79 (3d Cir. 2013). The *Renolds* court affirmed the district court's dismissal on the basis that "[w]hile Reynolds's petition is somewhat vague, he strongly implied that he never received an interview" and that "Reynolds provided no contrary information about an interview below." *Id.* at 179.

---

[3] Sections 335 and 336 appear to have been repealed and are no longer applicable.

At this point, Plaintiff has failed to state a claim upon which relief can be granted against any Defendant because he has not stated facts that establish that he is entitled to the relief that § 1447(b) provides. In order to do so, as made clear by our Court of Appeals, Plaintiff must allege that the initial examination has taken place, and he has not done that. Thus, Plaintiff will be granted leave to amend in order to allege (if he can) that such examination occurred and that he was not notified of a decision within 120 days. If Plaintiff has not yet been "examined" in connection with his citizenship application, however, the 120-day period under § 1447(b) has not even begun to run, and this Court would lack jurisdiction under the statute.

If Plaintiff is able to allege facts that entitle him to relief under § 1447(b)—that is, if he can allege plausible facts that demonstrate that he was examined and that more than 120 days have passed without his having been notified of a decision—then it would appear to the Court that a hearing on the naturalization application is proper in this Court pursuant to 8 U.S.C. § 1447(b). If he does so, the only proper Defendant currently named in this case would be the Attorney General of the United States since § 1446 vests her with the obligations as to examination and investigation of naturalization status. Thus, the Court concludes, based on its reading, in a generous light, of the facts asserted by the Plaintiff, all of the claims "pled" should be dismissed with prejudice as to all other Defendants, which are named agencies of the United States. As to them, the Plaintiff has not alleged even generally any statutory or other basis to maintain a federal claim against any of those agencies, as such.[4] As to the claims asserted against the Attorney General, the Court will dismiss the claims without prejudice, given the

---

[4] Furthermore, it is well-established that the United States is immune from suit unless it unequivocally consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Moreover, actions brought pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), may be brought against federal *agents*, but not federal *agencies*. *Meyer*, 510 U.S. at 484.

4

specific statutory grant of authority in this Court for a hearing pursuant to 8 U.S.C. § 1447(b), and grant Plaintiff leave to amend in that regard.

An appropriate Order will enter.

Mark R. Hornak
United States District Judge

Dated: May 22, 2015

Cc: Andre Juste
Mr. Michael Comber, Assistant United States Attorney (Civil Division)